# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

---

OLIVER W. BARNES AND BENJAMIN T. PIPPEY, APPEL-
LANTS, *v.* THE MOBILE AND NORTH-WESTERN RAIL-
ROAD COMPANY, RESPONDENT.

*Service of summons on foreign corporation— Code, § 134, subd. 1 — what constitutes property within the meaning of.*

APPEAL from an order setting aside a judgment and the service of the summons, and also from an order denying a motion to set aside the report of a referee, made upon a reference to ascertain certain facts essential to the disposition of the motion to set aside the judgment and service of the summons. The summons was served upon the director of a foreign corporation in this State, and the service thereof was sought to be sustained on the ground that the corporation had property within this State.

With reference to this the court at General Term said : "It appeared that the defendant had its own unissued bonds here to a considerable amount. But it is settled that they were not property within the legal signification of that term. (*Coddington v. Gilbert*, 17 N. Y., 489.) It was also shown that it had a map of the State of Alabama, another of its own line, part of a field map, three books entitled 'Mobile and North-western Railroad project,' three or four pamphlets and some prospectuses in the State. But no value was placed upon them by any one, and it is not probable that any sale could be made of them which would be sufficient to pay its expenses. They were brought here to advance the efforts of the company in disposing of its bonds, and raising money, and except the map of the State, were evidently useless to persons and corporations engaged in other enterprises.

The Code does not require any specific amount of property to be found in this State to justify an action against a foreign corporation. But it certainly should be something from which the creditor may have some chance of benefit. The object of allowing the action when that appears to be the case is to afford the creditor the means of applying its proceeds to the payment of the demand in suit. And where there is nothing that in any event can be so applied, the case is not within the spirit and intent of this provision. The object of the law was to provide a substantial remedy, and not a mere artifice or excuse, on which an action might literally be made to depend, without any actual benefit to the party prosecuting it. The referee did not consider these articles to be property within the meaning of the term, as the legislature had used it in this section of the Code. They were of so trifling a character as to justify the conclusion, and for that reason the court properly denied the motion to set aside the report, and granted that made by the defendant to set aside the service of the summons and the judgment."

*Hugh L. Cole*, for the appellants. *William E. Stiger*, for the respondent.

Opinion by DANIELS, J.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Orders affirmed.